**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 10-00165 VAP(DTBx)                Date:  February 10, 2010

Title:   L & G MORTGAGEBANC, INC., AN ARIZONA CORPORATION -v- EVA LOPEZ, et al.
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY (IN CHAMBERS)

   On September 17, 2009, Plaintiff L & G Mortgagebanc, Inc. ("Plaintiff") filed a "Complaint in Unlawful Detainer" against Defendants Eva Lopez, Gabriella Lopez, Gabby Lopez, Josephine Serra, Gabriella Serra, Gabby Serra, and other occupants of the property at issue ("Defendants").  On February 2, 2010, Defendants removed the action on the basis of federal question jurisdiction and diversity jurisdiction.  (See Not. of Removal at 2.)

EDCV 10-00165 VAP(DTBx)
L & G MORTGAGEBANC, INC., AN ARIZONA CORPORATION v EVA LOPEZ, et al.
MINUTE ORDER of February 10, 2010

    Removal jurisdiction is governed by statute. <u>See</u> 28 U.S.C. §1441, <u>et seq</u>. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992), citing <u>Nishimoto v. Federman--Bachrach & Assocs</u>., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

    Defendants claim one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims arise under federal law. (<u>See</u> Not. of Removal at 2:3–7.) From the face of the Complaint, Plaintiff's claim is for unlawful detainer, a California state law action. <u>See Franchise Tax Bd. v. Constr. Laborers Trust</u>, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendants fail to meet their burden of establishing the Court's jurisdiction under 28 U.S.C. § 1331.

    Defendants also claim removal is proper because the Court has diversity jurisdiction. (<u>See</u> Not. of Removal at 2:8–21.) Upon further review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case. Defendants do not explain how the amount in controversy here could reach $75,000. <u>See</u> 28 U.S.C. § 1332.

    Defendants have not met their burden of establishing that the case is properly in federal court. <u>Gaus</u>, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California, San Bernardino County.

    **IT IS SO ORDERED.**